TOWNSHIP OF HART v. COUNTY OF OCEANA.

*Suit for taxes payable by township into county treasury.*

A county cannot sue a township at common law for the amount of taxes which the township treasurer should have paid into the county treasury, but has embezzled. But it has a statutory right of action upon the township treasurer's bond, or it can enforce by mandamus against the township authorities its statutory right to have the amount of taxes re-assessed against the township. Comp. L. § 1105. And the failure of the suit on the bond does not bar the remedy against the township itself.

Error to Oceana.   Submitted October 8.   Decided October 20.

ASSUMPSIT.   Defendant brings error.   Reversed.

*L. G. Rutherford* for plaintiff in error. A township is not liable in a suit at law for money due to the county but lost by the township treasurer's default: *Lorillard v. Monroe* 11 N. Y. 392; *Leoni v. Taylor* 20 Mich. 148; the only remedy against the township under Comp. L. § 1105 is by mandamus: *Attorney-General v. St. Clair Sup'rs* 30 Mich. 388.

*Smith, Nims, Hoyt & Erwin* for defendant in error.

GRAVES, J. The county brought this action of *assumpsit* on the common counts to recover of the township the amount of certain taxes, which the treasurer of the township collected for the county on the assessment roll, and subsequently embezzled. The court sat without a jury, and after making a special finding of facts awarded judgment thereon in favor of the county, and the township alleges error.

By the principles of the common law the township in its corporate capacity could not be subjected to liability to the county for the result of the township treasurer's misdoing. The general relation between the county and the township

in respect to the collection of county taxes, and their return to the county, would not afford any basis for it. In no exact sense can it be said that the township is agent for the county, and no common law obligation arises against the township to guaranty the integrity and responsibility of the treasurer.

For simplicity and convenience of administration the law makes use of the township officer to gather and pay over the county tax. But when it does so and goes no further, the implication is that the local officer is for such function the official agent of the county, and not of the township, and that the county must look elsewhere than to the township for indemnity in case of his misconduct. That such has always been the legislative understanding is sufficiently apparent. There has been no time when a bond from the township treasurer to the county treasurer has not been required.

And the Legislature recognizing that the township was not liable at common law, and deeming that it ought to be made liable in order to afford further security to the county, proceeded to define and fix such liability and declare the remedy to be pursued. The right to pursue the treasurer, or prosecute upon the bond, was not disturbed, the purpose being to allow parallel remedies but of course only single satisfaction. The provision to which reference is made for bringing the township under liability, is set forth in the Compiled Laws in these terms: "All losses that may be sustained by the default of the treasurer of any township shall be chargeable on such township; and all losses that may be sustained by the default of any county treasurer, in the discharge of the duties imposed by this act, shall be chargeable on such county, and the Board of Supervisors of such county shall add such losses to the next year's taxes of such township or county." Section 1105.

That the loss in question is within this statute appears plainly from the finding, and there is no ground for contending that a lawsuit was necessary to fix the amount. The sum lost was charged against the township on the books of the county treasurer, and he proceeded to prosecute upon the

bond, but the result of that action was adverse to the county. The ground of the decision does not appear. But there is no pretense for saying, and it is not claimed, that the asserted loss did not occur. The fact of loss is expressly found. Under these circumstances it cannot be maintained that the adverse judgment in the suit by the county treasurer on the township treasurer's bond is a bar to township liability under the statute. The actual existence of the loss contemplated by the statute draws after it a positive legal liability on the part of the township which is entirely independent of the failure of proceedings on the bond. It is a liability by operation of law and has all the positive force the statute could give it.

The failure of the separate and collateral remedy on the contract obligation of the treasurer and his sureties cannot displace it, and it ought not to displace it. The fact that the remedy on the bond turns out unfruitful is a sound reason why the responsibility of the township under the statute should be maintained.

Other reasons leading to the same conclusion suggest themselves, but a reference to them is unnecessary. But the fate of the present case does not depend on the answer given to the claim that the suit on the bond barred the liability of the township. As previously stated, the township was not subject to any common law liability in favor of the county, or to any other liability than the one created by the statute already quoted, and as that liability was originated, and the mode of its enforcement prescribed, by the Legislature, it is reasonable to suppose that there was no intention to authorize any course substantially variant. The liability being fixed, no action against the township as at common law is contemplated or seems to be necessary. The loss is to be charged to the township and added to the taxes to be raised therein in the succeeding year.

In case the township authorities refuse to act and to take the proper steps to meet and discharge the liability fixed by the statute, the remedy must be by mandamus. No occasion exists for a suit at law. If a judgment were obtained against

the township, the end sought would be no nearer, and the tax payers would be burdened with the expense of an action without any necessity. *Marathon v. Oregon* 8 Mich. 372; *Peterson v. Manistee* 36 Mich. 8.

The judgment must be reversed with costs.

The other Justices concurred.