COUNTY OF OCEANA v. SUPERVISOR FOR THE TOWNSHIP OF HART.

*Taxation—Return of county taxes—Liability of township for default of town treasurer—Mandamus to enforce collection.*

A township must make good the defaults of its treasurer in not accounting for the taxes belonging to the county.

A town treasurer is bound to account either in money or in the return of unpaid taxes to the full amount of the tax levy put in his hands for collection.

The right of the county to charge such deficiency over to the town is not lost by the failure to have it added to the next year's taxes; and there is no statute preventing the enforcement of its collection by *mandamus* at any time within ten years. The question whether the ten years' limitation applies is not raised by this record and not, therefore, considered.

MANDAMUS. Submitted April 20. Granted April 25.

*Smith, Nims, Hoyt & Erwin* for relator.

*L. G. Rutherford* for respondent.

CAMPBELL, J. A *mandamus* is asked to compel respondent to levy and collect an amount of money deficient on the tax of 1874, having been collected and not accounted for by a defaulting town treasurer. The matter involved is the same litigated in *Township of Hart v. Oceana County* 44 Mich. 417, where it was held *mandamus* and not *assumpsit* was the proper remedy.

The sum in question, which is $1312.71, became delinquent in 1875, when it should have been paid by the treasurer to the proper county officer. A technical question is raised to the effect that the amount actually collected by the defaulter was less than the whole amount of local taxes, which the township may retain before making payments to the county treasurer. This defense is not substantial. The county is entitled to a return of money or delinquent taxes to the full amount of the tax levy, and the failure to have such a return arises out of the town treasurer's delinquency. By § 1105 of the Compiled Laws all losses sustained by such default are chargeable to the township, and the board of supervisors are required to add the amount to the next year's taxes.

It is claimed that failure to add the sum to the next year's taxes leaves no future power in the board to require their collection, as the statute requires no action but for the next year. We have no doubt the time provision is directory, and that a failure to act at once does not cancel the debt. It would require clear language to justify the inference that an obligation of this sort can be cancelled by such inaction. The case does not differ from that of *Attorney General v. Supervisors of St. Clair County* 30 Mich. 388, where a liability under this same statute was enforced after several years' delay.

It is also claimed the proceeding is barred by the statute of limitations. No statute has been cited which brings such proceedings as this within any shorter rule than ten years. Comp. L. § 7154. Whether the statute applies to such a case at all we need not consider. And while we are not inclined to favor laches, we must nevertheless pay some

regard to the peculiar character of the liability and the effect of opening the door to financial carelessness. It appears affirmatively that the board of supervisors have on more than one occasion urged the proper action by the town, and at the same time endeavored to make it as little burdensome as possible. There has been no disposition to relinquish the claim, and no one has been misled.

The *mandamus* must be granted as prayed.

MARSTON and COOLEY, JJ. concurred.