THE TOWNSHIP OF CUMMING V. THE COUNTY OF OGEMAW.

*Taxes—Accounting between county and township—Mandamus—Assumpsit.*

1. *Mandamus* will not lie to compel a county to pay over to a township moneys claimed to be due the township for delinquent

taxes received by the county from the Auditor General and from individuals, where the account between the county and the township has not been stated, and no settlement has been made showing the state of said account.

2. In such a case an action of *assumpsit* can be maintained by the township to ascertain the amount due from the county.

Error to Ogemaw. (Simpson, J.) Argued October 5 and 6, 1892. Decided October 27, 1892.

*Assumpsit.* Plaintiff brings error. Reversed, and case remanded, with right to plead issuably within 20 days after *remittitur* is filed. The facts are stated in the opinion.

*F. L. Snodgrass,* for appellant.

*Nelson Sharpe,* for defendant, contended:

1. *Assumpsit* will not lie to recover moneys due from one municipal corporation to another by virtue of the tax laws; citing *Township of Marathon v. Oregon,* 8 Mich. 372, *Attorney General v. Supervisors,* 30 Id. 388; *Township of Hart v. Oceana Co.,* 44 Id. 417; *County of Oceana v. Supervisor,* 48 Id. 319; *Auditor General v. Supervisors,* 74 Id. 536; *Auditor General v. Supervisors,* 76 Id. 295.

2. Counsel for appellant insists that the claim was not liquidated, so as to bring it within the rule laid down in the cases above cited. The record and statement of facts show that this action was brought to recover specific amounts of delinquent taxes, collected by the county treasurer and Auditor General. The amounts were not in dispute, and the plaintiff admits this by referring in his bill of particulars to the pages of the county treasurer's ledger on which the account appears. The amount collected and in the county treasurer's hands was a matter of record in his office, and was as fully liquidated as was the amount in dispute in the cases cited; citing *Township of Roscommon v. Supervisors,* 49 Mich. 454.

LONG, J. The plaintiff brought an action of *assumpsit* in the circuit court for Ogemaw county.

In a special count of the declaration it is alleged that since the 1st day of January, 1885, the different treas-

urers of said county, in pursuance of the provisions of the statute, have received sums of money belonging to the plaintiff, which the said county now refuses to pay; that such moneys arose from delinquent taxes returned to the county, and by the county treasurers returned to the Auditor General, and that such moneys were paid upon such delinquent taxes by the Auditor General and individuals to the county treasurers, and were the moneys of the township; but that the several county treasurers since 1885 have unlawfully paid out said moneys to others than the plaintiff's treasurers.

This declaration was demurred to upon the grounds—

1. That the amount is liquidated.

2. That the plaintiff's remedy is by *mandamus*.

3. That the statutes providing for the assessment of property, and the levy and collection of taxes thereon, referred to in the special count, do not purport to give any right of action in a suit at law by a township against a county for the default of a county treasurer in paying over delinquent taxes collected by him, and belonging to said township.

The court below sustained the demurrer, and gave judgment for the defendant.

Plaintiff brings error.

3 How. Stat. § 1170*k*1, provides that the accounts between the State and county and each township shall be adjusted on the basis of crediting and paying to each the taxes collected for each, with interest thereon; and the Auditor General is required by this section, on the 1st days of January, April, July, and October in each year, to make a statement of the account between the State and county, and render the same to the county treasurer, drawing his warrant on the State Treasurer in favor of the county treasurer for all moneys collected for county, township, school, and highway purposes for the several townships, and transmitting the same to the county treasurer. The county treasurer is also required to make a statement

of the accounts between the county and each of the townships, and render the same to the township treasurers of the proper townships, and to pay over to the township treasurers the amount of moneys belonging to them.

By section 1170h5, it is provided that all losses by default of any county officer shall be chargeable to such county.

It is evident, under the declaration, that the amount for which the suit is commenced is not liquidated and ascertained, so that the Court by *mandamus* could compel its payment over to the township.   The account between the county and the township does not appear to have been stated, and no settlement is claimed to have been made showing the state of the account between the county and township.   There may be charges both ways, and, until the amount is fixed and determined by the judgment of the court, no order could be awarded compelling its payment.   It is to ascertain the true amount of the indebtedness that this action is brought.   We think the action properly brought.

The judgment of the court below, sustaining the demurrer, must be reversed, with costs.   The case will be remanded to the court below, where defendant will have 20 days after *remittitur* is there filed to plead issuably.

The other Justices concurred.