### SMITH *v.* JONES.

TOWNSHIP TREASURER'S DEFAULT—SCHOOL MONEYS—LIABILITY OF TOWNSHIP.

> Act No. 206, Pub. Acts 1893, § 91 (1 Comp. Laws, § 3914), provides that all losses that may be sustained by the default of any township officer in the discharge of any duty imposed by the act shall be chargeable to the township. The act imposes upon the township treasurer the duty of the collection and payment of all school-district taxes. *Held,* that a township is liable to a school district for school moneys lost through the defalcation of the township treasurer.

*Certiorari* to Wayne; Rohnert, Hosmer, and Brooke,

JJ.    Submitted April 5, 1904.    (Calendar No. 20,320.)
Decided May 17, 1904.

*Mandamus* by Arthur B. Smith, treasurer of school
district No. 1 of the township of Monguagon, to compel
George D. Jones, supervisor of said township, to spread a
certain tax.    From an order denying the writ (BROOKE,
J., dissenting), relator brings *certiorari.*    Reversed.

In 1903 the treasurer of the township of Monguagon de-
faulted in his accounts.    Among the moneys embezzled
by him or his deputy were $3,360.97 of school-district
moneys belonging to school district No. 1 of said township.
The relator brought suit by *mandamus* against the treas-
urer of said township to compel him to pay said amount to
said district.    Judgment was duly entered thereon.    The
treasurer was unable to pay said amount, for the reason
that there were no funds in the treasury for that purpose.
Relator thereupon requested respondent to spread said
amount on the general tax roll of the township.    The re-
spondent refused, and thereupon relator instituted this suit
to compel the defendant supervisor to spread the tax.
Three of the judges of the circuit court for the county of
Wayne heard the case.    A majority of the court held that
the loss was that of the school district, and denied relief.
The case is now before us for review upon the writ of *cer-
tiorari.*

*Walter Barlow,* for relator.

*James H. Pound,* for respondent.

GRANT, J. (*after stating the facts*).    The township is
not liable at the common law for the defalcations of its
treasurer.    *Township of Hart* v. *County of Oceana,* 44
Mich. 417 (6 N. W. 863).    We must, therefore, look to
the statute to ascertain whether the township is made lia-
ble for the various funds which the township treasurer
collects and neglects to pay over as required by law.    The

school district has no voice in the giving of the bond. The bond is to be executed to the township, with such sureties as the supervisor shall require and approve. 1 Comp. Laws, § 2354. Formerly the law made the township responsible for all losses sustained by the defalcations of its treasurer. 1 How. Stat. § 1140. That provision does not appear to be in the present tax law. By Act No. 206, Pub. Acts 1893, this liability was extended to all township officers. Section 91 of that act (1 Comp. Laws, § 3914) provides that "all losses that may be sustained by the default of any township officer in the discharge of any duty imposed by this act shall be chargeable to such township." By the act he is charged with the collection and payment of all school-district taxes. The funds in question were lost by his default, and, under the above statute, the township is liable.

Whether the bond in this case is good the record fails to show. It is immaterial. If the township, as was its duty, has a good bond, it is secure. If it failed to take a good bond, the fault is with the supervisor, the duly authorized agent of the township. If the sureties were good when the bond was given, but have since become irresponsible, the misfortune is that of the entire township, and not the school district.

The judgment is reversed, and entered in this court for the relator.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. MONTGOMERY, J., took no part in the decision.