## COUNTY OF OTTAWA *v.* CITY OF HOLLAND.

1. TAXATION — MUNICIPAL CORPORATIONS — UNDESIGNATED DEPOSITORIES—LIABILITY FOR LOSS.

   In assumpsit by county against city for State and county taxes, city is liable for loss sustained through default of its treasurer who collected taxes without being under bond and deposited them in an undesignated depository that became insolvent (1 Comp. Laws 1929, §§ 3431, 3434, 3445, 3485, 3500).

2. SAME—ASSUMPSIT—SET-OFF.

   In action of assumpsit by county against city for State and county taxes city treasurer had collected but failed to turn over to county because of failure of depository, city is entitled to set off amount due it from county at time of the commencement of suit, where there has been no statement of account between them as to funds in controversy (1 Comp. Laws 1929, §§ 3431, 3434, 3445; 3485, 3500).

Appeal from Ottawa; Vanderwerp (John), J., presiding. Submitted June 6, 1934. (Docket No. 34, Calendar No. 37,848.) Decided October 23, 1934.

Assumpsit by County of Ottawa, a municipal corporation, against City of Holland, a municipal corporation, for tax moneys collected by defendant's treasurer. Judgment for plaintiff. Defendant appeals. Affirmed.

*Clarence A. Lokker,* City Attorney, and *Elbern Parsons,* Special City Attorney, for defendant.

POTTER, J. Plaintiff recovered judgment against defendant for $19,875 and costs. Defendant appeals. The sole question involved is thus stated by appellant:

''Did the failure of the city treasurer to pay over to the county treasurer, within three days after January 10, 1932, the State and county taxes previously collected, constitute a default of such treasurer in the performance of the duties imposed on him by the general tax law, under the facts of this case?''

The facts involved and the law applicable thereto are so well stated by the trial court that we adopt his opinion as follows:

''On and after April 1, 1931, continuously up to this time Nicholas Sprietsma was and is the treasurer of the defendant.

''From December 1, 1931, until January 10, 1932, this city treasurer collected State and county taxes for the year 1931 belonging to the State of Michigan, county of Ottawa, as required by 1 Comp. Laws 1929, § 3434, to the amount of $40,000 and upwards, which taxes have not been paid over to the treasurer of the plaintiff as required by 1 Comp. Laws 1929, §§ 3431, 3445.

''It also appears that the county treasurer had collected in delinquent taxes due to the city of Holland up to the time of the commencement of this suit $20,125 and up to the time of the trial such delinquent taxes collected amounted to $29,159.68 which plaintiff has refused to turn over to defendant, and that such amount plaintiff concedes defendant has the right to have set off against the plaintiff's demand.

''It appears also from the proofs that the State and county taxes referred to were by defendant's treasurer deposited in the Peoples State Bank of Holland in the name of the Holland city treasurer account No. 1; that such bank had not been and was not at the time the officially designated depository of the defendant. It also appears that the defendant's city treasurer had not given bond to the county treasurer to secure such State and county

taxes, but notwithstanding thereof the defendant's city assessor had delivered to such city treasurer the usual warrant for collection of the taxes referred to in 1 Comp. Laws 1929, § 3431.

"It also appears that in the morning of January 9, 1932, the city treasurer of defendant went to the Peoples State Bank mentioned and drew and delivered to such bank a check for $40,000 on its account No. 1 and received therefor a bank draft drawn on the Old Kent Bank of Grand Rapids, payable to John Den Herder, county treasurer, which was that day mailed to the county treasurer at Grand Haven. January 9, 1932, was on Saturday, and on Monday, January 11, 1932, the bank failed to open, and plaintiff has never been paid the $40,000, the draft being promptly returned by the county treasurer to the defendant's city treasurer.

"It is my opinion that the defendant, city of Holland, is liable to the plaintiff, county of Ottawa, for the amount plaintiff has sued for, being the amount which the defendant's city treasurer had collected for State and county taxes, on the tax roll for 1931 up to and on January 1, 1932, and which said city treasurer has failed to pay over to the county treasurer. I so hold by virtue of the provisions of 1 Comp. Laws 1929, § 3485, which section reads as follows:

" 'All losses that may be sustained by the default of any township officer in the discharge of any duty imposed by this act, shall be chargeable to such township. All losses by the default of any county officer shall be chargeable to such county, and all losses by default of any State officer shall be chargeable to the State.'

"Where the words township officer appear in the act, the words city officer must be read and where the word township appears it must be read city, so far as this case is concerned. 1 Comp. Laws 1929, § 3500. *Township of Hart* v. *County of .Oceana,* 44 Mich. 417; *Oceana County* v. *Supervisor of Township of Hart,* 48 Mich. 319; *Auditor General* v. *Board of Supervisors of Ottawa County,* 76 Mich. 295.

"There is no question but what the failure by the city treasurer to pay over the taxes is such a default, within the meaning of 1 Comp. Laws 1929, § 3485 above quoted, as makes the defendant, city of Holland (liable).  It may be that if such city treasurer had given bond to secure the State and county taxes as required by law, the defendant would have a right of action against the treasurer. Whether the city treasurer in such a suit could maintain by way of defense the failure of the Peoples State Bank, I am not at this time called upon to decide.  Certainly the right of action for the money $40,000 on deposit in the Peoples State Bank is, in the defendant, city of Holland, or in the city treasurer, or in both.  It is not in the plaintiff, the county of Ottawa.

"I do not think the case of *School District* v. *City of Lansing,* 260 Mich. 405, is authority for the defendant's contention in this case.

"The question then arises whether the court should offset against the $40,000 due to plaintiff the amount of money in the county's hands for delinquent taxes, to which defendant is entitled.  Upon the trial, it was testified that the county treasurer had in his hands moneys collected by him due to the city of Holland, defendant, the sum of $29,159.68.

"While ordinarily, no set-off is allowed unless claimed by defendant, there may be a different rule in this case.  Here the plaintiff in its amended declaration alleged as follows:

" 'That the plaintiff on the date hereof (Dec. 9, 1933) has in its possession the sum of $20,125.90 representing collections of delinquent taxes by the plaintiff for the defendant for which amount defendant is entitled to credit by way of set-off.'

"To this paragraph defendant answered:

" 'The defendant denies that the plaintiff is entitled to any set-off inasmuch as defendant claims that the plaintiff is not entitled to any judgment against the defendant.'

"The defendant, it seems, claims by inference at least that plaintiff would be entitled to set off de-

fendant's claim if there is anything due to plaintiff, but not otherwise.

"In *Township of Cumming* v. *County of Ogemaw,* 93 Mich. 314, it was said on page 316:

" '3 How. § 1170 h 1 (now 1 Comp. Laws 1929, § 3480), provides that the accounts between the State and county and each township shall be adjusted on the basis of crediting and paying to each the taxes collected for each, with interest thereon.'

"By section 1170 h. 5 (now 1 Comp. Laws 1929, § 3485), it is provided:

"That 'all losses by default of any county officer shall be chargeable to such county.' It is evident under the declaration, that the amount for which the suit is commenced is not liquidated and ascertained so that the court by mandamus could compel its payment over to the township. The amount between the county and the township does not appear to have been stated, and no settlement is claimed to have been made showing the state of the account between the county and township. There may be charges both ways, and until the amount is fixed and determined by the judgment of the court, no order could be awarded compelling its payment. It is to ascertain the true amount of the indebtedness that this action is brought.

"It is my conclusion that plaintiff is entitled to recover the amount claimed, but that under the pleadings and the law the amount it owed to defendant at time of commencement of suit should be deducted.

"I therefore determine in this case that the plaintiff, the county of Ottawa, is entitled to recover from the city of Holland, the defendant, the sum of $40,000 less $20,125, which the county owed to defendant at the time of commencement of this suit, or a balance in favor of plaintiff of $19,875."

The action of the trial judge was in accordance with *Township of Cumming* v. *County of Ogemaw,*

100 Mich. 567, and *City of Muskegon* v. *County of Muskegon,* 123 Mich. 272.

Judgment affirmed, with costs.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell and Edward M. Sharpe, JJ., concurred.