MARY ANN DAMM v. JOHN A. DAMM AND AMELIA DAMM.

*Mortgage—Assignment to cotenant—Foreclosure.*

Where a cotenant, whose duty it is to pay his share of the mortgage debt, purchases the mortgage, he redeems the land from the mortgage *pro tanto*, and can only foreclose as to the remaining interests.

Appeal from Wayne. (Gartner, J.) Argued April 8, 1892. Decided April 22, 1892.

Bill to foreclose a mortgage. Defendant Amelia Damm appeals. Decree reversed, and cause remanded for further proceedings in accordance with the opinion, in which the facts are stated.

*Atkinson, Carpenter, Brooke & Haigh,* for complainant.

*James H. Pound,* for appellant.

GRANT, J. In October, 1886, Michael Damm, being the owner of the undivided three-fourths interest in a piece of land, executed a mortgage thereon to Martha F. Stewart. After the execution of the mortgage, Michael married the defendant Amelia. In 1887 he died intestate, leaving a widow, his mother, the complainant and a brother, the other defendant. After his death the complainant procured an assignment of this mortgage to her, and brought this suit to foreclose it. Decree was entered for complainant for a sale of the entire three-fourths interest. From this decree defendant Amelia appeals. The land is subject to a life-estate in complainant under the will of her husband.

At the time of Michael's death the law in this State regulating the descent of real property provided that, if the deceased should leave no issue, his estate should descend to his widow during her natural lifet-ime, and after her decease to his father and mother in equal shares, and, if there be no mother, then to the father alone. The father being dead, it is insisted on the part of Amelia that the property descended to the complainant, subject to Amelia's life-estate, and to this counsel for complainant accede, although admitting that the question is not free from doubt. John did not appeal, and we have not had the benefit of an argument in opposition to this claim. In the view we take of this

case, it becomes unnecessary to decide that question, and we therefore express no opinion upon it.

If Mrs. Stewart were foreclosing this mortgage, unquestionably she would be entitled to a sale of the whole interest mortgaged, and any party owning an interest in the land would be compelled to pay the whole amount due in order to protect his own interest. His remedy would then be against the other parties in a proper proceeding to compel contribution. Jones, Mortg. § 1089. But this rule does not obtain where a cotenant, whose duty it is to pay his share of the mortgage debt, has purchased the mortgage, and is proceeding to foreclose. In purchasing this mortgage the complainant paid her share of the mortgage debt. No rule of law or equity requires the other parties interested to pay her share in order to protect their own interest. By her purchase she redeemed the land from the mortgage *pro tanto*, and she can only foreclose as to the other interests.

John being content with the decree against him, we are not called upon to consider his interest, if any he has.

According to complainant's claim, she owns the entire of the property, except the life-estate of Amelia, which is, of course, subject to her own life-estate. The only question, therefore, is to determine what proportion of the mortgage debt Amelia's life-estate should pay. From this, when found, she will be entitled to redeem. If she does not, then her interest must be sold under the decree.

The decree is reversed, with costs in this Court to defendant Amelia Damm, and the case remanded for further proceedings in accordance with this opinion.

MORSE, C. J., McGRATH and MONTGOMERY, JJ., concurred. LONG, J., did not sit.