## HODGES *v.* PHINNEY.

LIFE TENANT—DOWER—PAYMENT OF MORTGAGE—CONTRIBUTION—INTEREST.

It is the duty of a life tenant to pay the interest on incumbrances existing at the time the tenancy was created, and, in case the premises are redeemed, to contribute to the payment of the principal according to the value of his interest in the land. A dowress, therefore, who purchases and seeks to foreclose a mortgage covering lands admeasured to her as dower, the amount of which mortgage was deducted from the value of the land in making the apportionment, should be charged with the present value of an annuity for the remainder of her

life equal to the annual interest on the mortgage debt, to be computed, however, at the legal rate of interest, irrespective of that stipulated in the mortgage.

Appeal from Gratiot; Daboll, J. Submitted June 4, 1895. Decided October 1, 1895.

Bill by Amelia Hodges against Ansel H. Phinney, David Robinson, Jr., and Harriet F. Newcomb, to foreclose a mortgage. From a decree for complainant, defendant Newcomb appeals. Reversed.

The agreed facts in this case are as follows: The bill was filed to foreclose a mortgage executed by Alvin Hodges and wife, the complainant, to William Dutton, August 27, 1877, for $1,200, due five years from its date, with interest payable annually at ten per cent. per annum. Interest was paid thereon to August 27, 1883, and indorsed on the mortgage. Alvin Hodges died intestate March 8, 1882, and left surviving him his daughter, Estella M. (his only child and sole heir), and his widow. Estella M. died without issue during the administration of the estate, leaving her mother, complainant, the sole heir of the estate. May 7, 1884, the 80 acres of land incumbered by this mortgage was duly set off as such widow's right of dower in 440 acres of land of which her husband, Alvin Hodges, died seised. October 13, 1884, complainant, with money belonging to her, and in no way belonging to the estate of her husband, purchased this note and mortgage of the mortgagee, William Dutton, and took from him an assignment thereof to herself, and caused the assignment to be duly recorded.

July 5, 1887, the 80 acres so set off to complainant for her dower, and incumbered by the mortgage, was by the administrator of said estate duly sold to William L. Baker for $1,500, subject to complainant's right of dower, and also subject to her mortgage in this cause. On the same day,—July 5, 1887,—said William L. Baker conveyed by quitclaim deed to Miles W. Bullock, for $2,000,

his interest so acquired at said administrator's sale in the 80 acres of land so set off to complainant as dower. On the same day Bullock and wife executed two mortgages on this same land,—one to David Robinson, Jr., for $500, and one to Charlotte Tompkins, for $1,500. These deeds and mortgages were recorded July 15th. February 1, 1889, Miles W. Bullock and wife, by quitclaim deed, for $1, conveyed the 80 acres of land to Ansel H. Phinney, subject to the Robinson and Tompkins mortgages. Charlotte Tompkins foreclosed the mortgage from Bullock to her, in chancery, without making complainant herein a party to the foreclosure suit, and she (Tompkins) received a commissioner's deed for the 80 acres March 14, 1892. Charlotte Tompkins died August 3, 1892, leaving Harriet F. Newcomb her sole devisee and legatee.

The estate was insolvent. It appears from the report of the commissioners assigning dower that they appraised the real estate at the sum of $13,400; that there were loans upon it to the amount of $3,850, leaving an amount over the loans of $9,550; that they set off to complainant, as dower, this 80 acres, which they valued at $3,183.33 aside from this mortgage loan, then amounting to $1,250.

*W. E. & J. H. Winton,* for complainant.

*Luke S. Montague,* for appellant.

GRANT, J. (*after stating the facts*). The question, as stated by the complainant's counsel, is: Could she buy the mortgage upon the land admeasured to her as dower, and enjoy all the rights thereunder that Dutton, the original mortgagee, had? As stated by the defendant's counsel the question is: Is not a widow endowed, owning a mortgage covering the land set off to her as dower, bound to keep the interest down?

It is the duty of the life tenant to pay the interest on incumbrances existing at the time the tenancy was created. A dowress forms no exception to the rule. 4 Kent, Comm. 74; *House* v. *House,* 10 Paige, 158. In the case

before us the entire real estate was mortgaged. One-third of it was assigned to the complainant as her dower, burdened with one-third of the entire mortgage debt. The mortgage was past due. If we adopt the complainant's view, she can recover the entire amount of the mortgage against the remainder-man, and her estate will be enlarged to the extent of the payment. In that event the land in which she was endowed would be worth about $4,400, instead of $3,100, which was the value assigned to her. Such holding would be not only contrary to law, but to equity as well. Whether the life-tenant or the remainder-man redeems or takes an assignment of the mortgage, each must contribute to the payment of the principal according to the value of his interest. Much conflict formerly existed among the authorities upon this point, but the well-settled rule now is that the dowress must pay the present value of an annuity based upon the annual interest which the law requires her to pay. The rule is thus stated in an early and leading case:

"How is the plaintiff [a dowress] to contribute ratably to discharge the mortgage debt? If she was to pay one-third of the debt and interest (exclusive of costs) paid by the defendant, together with interest on that one-third from the time the defendant paid it, there could be no doubt that this would be, to the defendant, a satisfactory contribution. But the plaintiff has only a life interest in the dower, and payment of the entire one-third of that debt would be unjust. It would be making her pay for a life estate equally as if it was an estate in fee. The more accurate rule would appear to be that she should 'keep down' one-third of the interest of the mortgage debt, by paying, during her life, to the defendant, the interest of one-third part of the aggregate amount of the principal and interest of the mortgage debt paid by the defendant, to be computed from the date of such payment. But, as it would be inconvenient and embarrassing to charge her with such annuity, then let the value of such annuity from the plaintiff (her age and health considered) be ascertained by one of the masters of this court, and be deducted from the amount of the rents and profits so coming to her; and, if that value should exceed the amount of

the rents and profits so coming to her, that then the residue of such value be deducted from the dower to be assigned to her, out of the house and land mentioned in the bill.   The question is, if an estate in fee in one equal third part of the premises ought to pay the one equal third part of the mortgage debt and interest paid by the defendant, then what proportion ought the plaintiff's life estate in that one-third part to pay?  I apprehend the value of such an annuity would be that result."   *Swaine* v. *Perine*, 5 Johns. Ch. 482.   .

In chapter 24, 1 Scrib. Dower, the subject will be found very fully and ably discussed, and the authorities fully cited.

This annuity cannot, however, be based upon the rate of interest contained in the mortgage, but must be based upon the legal rate of interest at the time the first decree is rendered.   The contest is no longer between the mortgagee and those whose duty it is to pay, but between the latter, who are required to contribute, and as between whom there is no agreement to be bound by the rate fixed in the mortgage.   Their relation is none other than that where one pays money for the benefit of another without any agreement as to the rate of interest.   The legal rate of interest (6 per cent.) must control.

The decree will be reversed, with costs, and the case remanded to the court below, with instructions to enter a final decree in accordance with this opinion.

The other Justices concurred.