## DAMM *v.* DAMM.

1. ESTATES IN LAND—DUTY TO DISCHARGE INCUMBRANCE—LIFE TENANT IN EXPECTANCY.

   As between a tenant for life in possession and the remainder-man, the duty to pay the principal of an incumbrance rests upon the remainder-man, the tenant being holden for interest only; and the obligation of the tenant is not extended where the life estate is in expectancy.

2. SAME—INTEREST—APPORTIONMENT.

   A life tenant in expectancy is bound to contribute to a remainder-man who pays an incumbrance upon their estates, to which the estate of the tenant in possession is not subject, an amount equal to his proportionate share, according to his expectancy, of the interest which would accrue during the expectancy of life of the tenant in possession, and the entire interest which would accrue during his expectancy of life after the commencement of his life estate in possession, less such sum as may be proper on account of immediate payment.

3. LIFE EXPECTANCY—EVIDENCE—MORTALITY TABLES.

   While mortality tables may afford the most satisfactory basis for estimates as to the expectancy of life, they do not in a given case constitute conclusive evidence, but must be considered in the light of, and are subject to variation by proof concerning, the age, health, and habits of the individual in question.

Appeal from Wayne; Haire, J., presiding. Submitted April 29, 1896. Decided June 30, 1896.

Bill by Mary A. Damm against Amelia Damm and another to foreclose a mortgage. From the decree rendered, defendant Amelia Damm appeals. Reversed and remanded.

*Brooke & Spalding*, for complainant.

*James H. Pound*, for appellant.

HOOKER, J.  Mary A. Damm, aged 69 years, was the owner of an unincumbered life estate in certain premises. She was also owner of the fee of said premises, subject to a life estate in Amelia Damm, aged 43 years, which in turn was subject to a mortgage, to which mortgage Mary Damm's interest in fee was also subject.  Mary Damm was in possession, and purchased the mortgage; thereby paying it, to the extent of her liability thereon, as we held when the case was before us.  91 Mich. 424.  The question now before us is, what share is chargeable upon the expectant life estate of Amelia Damm?

It is contended by counsel for the defendant Amelia Damm that her liability is limited to the payment of the interest, and that the principal is chargeable upon the remainder in fee, as between her and the owner in fee, who is Mary Damm.  On the other hand, it is claimed that the mortgage was in existence when both of the estates were created, and that both are estates in expectancy; that the estate in possession is liable for neither; and that the two estates in expectancy should share, in proportion to their respective values, the burden of the mortgage, principal and interest.  It is conceded in the brief of counsel for the complainant that "the rule is uniformly laid down that, as between a life tenant in possession and a remainder-man, the life tenant is bound to pay the interest, and the remainder-man the principal;" citing *Cogswell* v. *Cogswell*, 2 Edw. Ch. 231; 4 Kent, Comm. marg. p. 74; 1 Washb. Real Prop. p. 129, and note, and p. 319 (marg. pp. 96, 257).  And they cite us to authorities holding that the obligation upon the life tenant includes arrearages of interest.  It is urged, however, that this obligation is not limited to interest, where the life estate is in expectancy, though no authority is cited in support of this contention; and we think there is little reason for a distinction between estates for life in possession, and those in expectancy, if, as counsel contend, the latter is obliged to protect the remainder-man in fee against arrearages of interest due from, but not paid by,

his predecessor. It would seem that he should be satisfied with protection against the interest. Kent calls this a hard rule, though he says it was laid down in *Penrhyn* v. *Hughes*, 5 Ves. 99, cited by counsel. See 4 Kent, Comm. 75. The rule is doubted in *Sharshaw* v. *Gibbs*, Kay, 339, where it was said to have been unnecessary to lay down so wide a rule. And in *Caulfield* v. *Maguire*, 2 Jones & L. 141, 160, Lord St. Leonards questions the rule, and the case of *Tracy* v. *Hereford*, 2 Brown, Ch. 128, which the case of *Penrhyn* v. *Hughes* professes to follow, saying:

"I am not prepared to fix the defaults of every previous tenant for life on the last taker for life. It is as incumbent on the reversioner in fee to look after the tenant for life in possession as it is on a tenant for life in remainder."

This language means much. It substantially says that the owner of a life estate in expectancy does not owe the duty to the reversioner of preserving the estate, until he acquires possession; that such duty rests upon the first life tenant; and that his estate is liable for the performance of such duty, which the reversioner may enforce, if he cares to do so (as can the second life tenant), but he cannot require the latter to do so, or to make good the default, if he himself does not choose to enforce his rights. Furthermore, this seems to imply that the life tenant in expectancy owes no duty of paying the principal, or a proportionate part of it, for, if it were otherwise, he would certainly be liable for at least a proportionate share of such arrearage.

The first life tenant was under no obligation to pay the interest during her tenancy. That was a charge upon the estates to follow. Neither party has immediate income from her estate, and therefore the profits from the land cannot be applied to such payment. Yet the interest must be paid, to protect the expectant estates, and this we think a matter of mutual concern to the owners thereof. We hold, therefore, that Amelia Damm

should contribute to Mary Damm, who paid it, a proportionate share of such interest, to be computed upon the basis of the relative values of the estates. See *Defreese* v. *Lake*, *ante*, 415.

It therefore becomes necessary to ascertain what share of this interest is equitably due from Amelia Damm, for the amount thereof is the sum for which the complainant should be entitled to a decree against the life estate of Amelia Damm. Of the interest to the date of the commencement of the life estate of Amelia Damm, she should pay her share according to her expectancy, and the owner of the remainder should pay the rest. To this should be added an amount equal to the present value of the incumbrance on Amelia Damm's estate, viz., the interest which would be payable annually on $500 during the period of her life estate. *Hodges* v. *Phinney*, 106 Mich. 537; 1 Scrib. Dower, 537, and cases cited; *House* v. *House*, 10 Paige, 158; *Atkins* v. *Kron*, 8 Ired. Eq. 4. The interest which may be expected to accrue during the life estate of Mary Damm, and that which will follow, cannot be computed upon the same basis, because Amelia Damm should pay all of the latter, and but a proportionate part of the former. To ascertain the former, the proportion that her life estate bears to that of the remainder-man is the proportion of the interest she should pay. As to the latter, her expectation of life must be ascertained, to determine the aggregate amount of interest that she must provide for. When that is ascertained, the present value can be determined by a computation, in which the fact that it is to be paid immediately, instead of at the commencement of her term, should be considered. In both these questions the expectancy of life of both parties is involved. Expectancy of life is a question of fact, and while life tables are very convenient aids, and perhaps afford the most satisfactory basis of an estimate, they are not conclusive, being considered in the light of, and subject to variation by proof concerning, the age, health, and habits of the parties.

The decree entered must be reversed, and the case remanded to the circuit court in chancery, with directions to refer the case to a master to take proofs, and compute and report to said court the amount equitably due upon said mortgage from said Amelia Damm, under the rule laid down herein, or that said court, if it be deemed advisable, take such proof and make such computation, and that upon such report or computation a decree of foreclosure be entered in favor of the complainant for such sum.   The defendant will recover costs of this court.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.