MILLER *v.* SADOWSKY.

1. ASSAULT AND BATTERY—DAMAGES—INSTRUCTIONS.

In an action for an assault and battery, prosecuted by the administratrix of plaintiff, after his death, a statement by the court in his charge that plaintiff claimed that she was entitled to recover damages for the death of her husband was not erroneous, where there was nothing in that portion of the charge which informed the jury what damages should be recovered, and that question was covered by a subsequent portion of the charge.

2. SAME — COMPUTATION OF DAMAGES — PRESENT WORTH OF WAGES.

In an action for an assault and battery, an instruction that plaintiff is entitled to recover as damages whatever he might have lost in wages by the injury is erroneous, since the damages should be limited to the present worth of his wages.

3. SAME—ASSAULT COMMITTED IN RECLAIMING PROPERTY — FORCE JUSTIFIED.

In an action for an assault and battery in attempting to take from plaintiff a piece of board belonging to defendant that plaintiff was carrying away, an instruction that the jury should determine whether defendant used more than sufficient force for the purpose of reclaiming his property was sufficiently liberal to defendant; there being no merit in an invocation of the rule that one may use such force as seems to him necessary to repel an assault.

Error to Wayne; Frazer, J. Submitted November 18, 1904. (Docket No. 116.) Decided December 14, 1904.

Trespass vi et armis by Paul Miller against John Sadowsky. There was judgment for plaintiff, and defendant brings error. Reversed.

*William Van Dyke,* for appellant.

*Adam E. Bloom,* for appellee.

CARPENTER, J. Paul Miller commenced this suit in his lifetime to recover damages for injuries resulting from an assault and battery alleged to have been committed by defendant. The evidence indicates that, when Miller was passing by defendant's place of business, he picked up and started to carry away a piece of board belonging to defendant. It is claimed by plaintiff's witnesses and denied by defendant that defendant thereupon struck plaintiff and seriously injured him. After suit was commenced, plaintiff died, and his widow, as administratrix, was substituted as plaintiff, and prosecuted the suit in his stead.

In charging the jury, the court said:

"The plaintiff in this suit sues the defendant, claiming that she is entitled to recover damages for the death of her husband."

It is urged that this was error, because plaintiff is not suing for damages for the death of her husband, but is suing as administratrix to recover the damages which he could have recovered had he lived. This point is without merit. There is nothing in this portion of the charge which informs the jury what damages shall be recovered. That was covered by a subsequent portion of the charge, and the question of its correctness will receive our attention later.

On the question of damages the court charged:

"If this man was working for a living and getting wages, he would be entitled to receive from your hands whatever you thought he was able to earn during the time that a man of his age would probably live. * * * You take the pain and suffering that this man endured up to the time of his death, and whatever he may have lost in wages by injury, that you should find to be permanent, from the time he was injured up to the time he would probably have died in the ordinary natural course of events; taking into consideration the man's age, the probability of disease, and all that kind of thing."

This language authorizes the jury to give as damages all the wages that deceased might have earned during his

lifetime. This is not correct. As the wages are to be earned in the future, and the damages are payable at once, the jury should have been instructed to allow only *the present worth of the wages.* See *Balch* v. *Railroad Co.,* 67 Mich. 394. While we have no doubt that the trial judge would have cured this error, had his attention been called to it by counsel, the statute which permits the defeated party to assign error to the charge without exception compels us to reverse the judgment.

In charging the jury, the court said:

"The only question for you to determine is whether this man did or did not use more than sufficient force for the purpose of reclaiming his property."

In support of his claim that this language was erroneous, appellant's counsel invokes the rule that one may use such force as seems to him necessary to repel an assault. See *Pond* v. *People,* 8 Mich. 150; *Patten* v. *People,* 18 Mich. 314. That rule has no application, for the reason that defendant was not seeking to repel an assault. He was only seeking to reclaim his property. And in such a case the rule laid down by the learned trial judge was sufficiently liberal. See Pollock on Torts (Webb's Am. Ed.), pp. 203, 210; Cooley on Torts, p. 50.

For the error pointed out, the judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.