### KING *v.* ANN ARBOR RAILROAD CO.

DEATH—WRONGFUL DEATH—DAMAGES—EXCESSIVENESS.

Deceased, an assistant lighthouse keeper, earning $450 a year, but in the line of promotion under the civil service rules, was killed through defendant's negligence. Prior to the accident he was strong and healthy, mentally and physically, and had a life expectancy of 35.33 years. He left a wife 31 years of age, and a child of 7 months, at the time the suit was brought. *Held*, that a verdict assessing the pecuniary loss of the widow and child at $8,000 was excessive, and should be reduced to $5,000.

Error to Benzie; Chittenden, J. Submitted October 13, 1905. (Docket No. 63.) Decided May 14, 1906.

Case by Elfa H. King, administratrix of the estate of Sheridan J. King, deceased, against the Ann Arbor Railroad Company for the negligent killing of plaintiff's intestate. There was judgment for plaintiff, and defendant brings error. Affirmed conditionally.

*T. W. Whitney* (*Alexander L. Smith*, of counsel), for appellant.

*D. G. F. Warner* and *Charles A. Withey*, for appellee.

MOORE, J. This case has been here before. 137 Mich, 487. A reference to the case as reported will aid in understanding the situation upon the second trial. Upon the second trial plaintiff recovered a verdict. The defendant insists a verdict should have been directed in its favor. We were of the opinion, when the case was here before, there was evidence in the case in support of the theory of the plaintiff as to what occurred, and that the court could not properly withdraw the case from the jury. A careful

examination of this record satisfies us that this is still the situation.   The trial judge followed the rule of law laid down by us when the case was here before.   The judgment ought to be affirmed, except as to the amount thereof.   A motion was made for a new trial because, among other reasons, the verdict was excessive.   This motion was overruled.

The decedent, at the time of his death, was 30 years of age, about six feet tall, strong and healthy, mentally and physically.   As assistant lighthouse keeper he was earning $450 a year.   His position came under the civil service rules, and he was in the line of promotion.   His expectancy of life, according to the mortality tables, was 35.33 years.   He left a wife and one child.   The wife was 31 years of age, and the child 7 months, at the time the declaration was filed.   The verdict rendered was for $8,000. The verdict should be for the pecuniary loss to the widow and child, because of the death of the decedent.   While this cannot be accurately determined, we think that, under the facts disclosed by the record, the amount of the verdict was too large.

If the plaintiff within 20 days remits $3,000 thereof, the judgment will be affirmed for the remaining $5,000, with costs of this court to defendant; otherwise, the judgment will be reversed, and a new trial ordered.

CARPENTER, C. J., and MCALVAY, GRANT, BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.