DAVIS *v.* MICHIGAN CENTRAL RAILROAD CO.

1. STATUTES—CONSTRUCTION—RETROSPECTIVE EFFECT.

Statutes will be given a prospective operation only, unless the legislative intent clearly appears, either by express terms or by necessary implication, to give them a retrospective effect.

2. SAME—DEATH—DAMAGES—APPLICATION.

Act No. 89, Pub. Acts 1905, changing the rule of damages in actions for wrongful death "hereafter prosecuted" does not apply to cases pending when it took effect.

3. TRIAL — INSTRUCTIONS — GENERAL CHARGE — NECESSITY OF REQUESTS.

Where the requests presented by counsel cover all the important phases of the case, there is no prejudicial error in the court limiting the charge to such of the requests as it is proper to give; if counsel desire further instructions upon any particular branch of the case they should so inform the court.

4. SAME—READING REQUESTS—PREJUDICE.

A slight difference in the verbiage used by the court in submitting the requests of the parties cannot be complained of where the attention of the court was not called to the matter before the jury retired.

5. SAME—REPETITION OF REQUEST.

The repetition of a request to charge containing a correct statement of the law is not prejudicial.

6. SAME—ARGUMENTATIVE INSTRUCTIONS.

A charge presenting the theories of the parties and closing with a statement of facts which are undisputed, and which must necessarily occur to every juror, the court in no way intimating his opinion as to which theory he prefers, is not argumentative.

7. DAMAGES—PERSONAL INJURIES RESULTING IN DEATH.

In an action for damages for personal injuries resulting in the death of plaintiff's intestate, brought under section 10117, 3 Comp. Laws, the damages recoverable include the present worth of the intestate's earnings during his probable lifetime had he not been injured, undiminished by the expense of his living during that time.

8. SAME—MORTALITY TABLES.

> In an action for damages for personal injuries resulting in death, where deceased's father testifies that he enjoyed excellent health, which testimony is undisputed, the mortality tables are controlling on the present worth of deceased's earning capacity.

Error to Bay; Collins, J. Submitted October 19, 1906. (Docket No. 106.) Decided March 12, 1907.

Case by Noble Davis, administrator of the estate of Harry E. Davis, deceased, against the Michigan Central Railroad Company for the negligent killing of plaintiff's intestate. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Cooley & Hewett (Henry Russell* and *O. E. Butterfield,* of counsel), for appellant.

*De Vere Hall,* for appellee.

BLAIR, J. This case was before the court at a previous term, and is reported in 142 Mich. 382, where a sufficient statement of the facts will be found. On the second trial, plaintiff secured a verdict and judgment, to review which defendant prosecutes the writ of error in this case.

Defendant's counsel argue for reversal, upon the grounds that:

(1) Plaintiff was guilty of contributory negligence as a matter of law.

(2) The court erred in holding that Act No. 89 of the Public Acts of 1905 did not apply to the case.

(3) The court did not give to the jury an independent charge, explaining the nature of the case and indicating the points at issue, but substantially limited his charge to the giving of requests to charge.

(4) The charge was more favorable to plaintiff than defendant.

(5) The court erred in giving, without modification, plaintiff's twelfth request to charge.

1. We do not think the proofs were so materially different at the second trial as to require a reconsideration of this question.

2. We are all of the opinion that Act No. 89 of the Public Acts of 1905 was not intended to apply to pending actions. *Angell* v. *West Bay City*, 117 Mich. 685. The rule of construction is well settled that statutes will be given a prospective operation only, unless the legislative intent clearly appears, either by express terms or by necessary implication, to give them a retrospective effect. The statute in question, in terms, applies to "actions for negligent injury to persons *hereafter prosecuted*," etc. As held by the supreme court of Massachusetts, the term "'prosecution' includes the institution of a suit, and is not confined to the mere pursuit of a remedy after proceedings have been instituted." *Inhabitants of Clinton* v. *Heagney*, 175 Mass. 134. See, also, *Hirshbach* v. *Ketchum*, 5 App. Div. (N. Y.) 324; *Merchants' Mut. Ins. Co.* v. *Lacroix*, 35 Tex. 249. It does no violence to the language used in the act under consideration to construe the word "prosecuted" as meaning the complete prosecution, including the institution of the suit, and we think this was the legislative intent.

3. At the beginning of his charge, the trial judge said:

"In this important case, the counsel for the respective parties have prepared and handed to me requests to charge which cover every phase of the case, and, under the law, where counsel present proper requests, they have a right to have them given in the langauge in which they are requested, and for that reason I shall not go outside of those requests, except, perhaps, at the conclusion or in some parts of them."

An examination of the charge discloses, as stated by the circuit judge, that the requests given did cover the important phases of the case, and, if defendant's counsel desired further instructions upon any particular branch thereof, they should have so informed the court. *Alderton* v. *Williams*, 139 Mich. 296. While the practice of

confining the charge to the giving of requests is somewhat hazardous, and not to be commended, we do not think that, of itself, it should be held to constitute reversible error.

4. Defendant's contention upon this point is as follows:

" The charge was more favorable to the plaintiff than to the defendant. When about to read the requests proffered by the plaintiff, the court said:

" ' I first give the plaintiff's requests, which are to be treated by you in every respect the same as if prepared and furnished by the court.'

" The tendency of that language was to invite undue attention to these requests, and to unfairly enlarge and strengthen their effect upon the jury, because the court did not make the same or a like statement preceding defendant's requests, but merely said:

" ' Upon the subject of liability, I give you the following requests, prepared and submitted by the defendant.'

" The result of this was to disturb the even balance required by the scales of justice.

" The same tendency is manifest when the circuit judge repeated, without explanation, plaintiff's eleventh request; giving this request a second time called undue attention to the point involved in it.

" It is further contended that the charge was argumentative, and therefore erroneous. One instance of this appears from plaintiff's eighth request, which the court gave in the exact language in which it was proffered, although it is plainly argumentative in form. By giving this request in this form, the court expressed his view of the degree of weight which should be given that portion of the testimony, and it was improper under the rule in *Hart Manfg. Co.* v. *Car Co.*, 65 Mich. 570."

If defendant's counsel thought that the jury were likely to be misled by the difference in verbiage in the submission of the requests of the respective parties, they should have called the court's attention to the matter before the jury retired. Moreover, we must presume that the jury was composed of men of at least ordinary intelligence, and must therefore have understood from the

opening statement of the circuit judge that all of the requests read to them were submitted to them as statements of the rules of law governing the case. The plaintiff's eleventh request, given by the court, was a correct statement of the law as laid down by this court. Why the court repeated it, the record does not disclose; but, even if such repetition was for the purpose of emphasizing the rule of law given, and attracting the attention of the jury to its importance, it is not apparent how this could have prejudiced the defendant's case. The court may properly direct the attention of the jury to the legal principles which he deems to be of special importance in a case, so long as no opinion is expressed as to the facts to which the principles are to be applied. We discover no attempt on the part of the court, in this instance or throughout the charge, to indicate to the jury his opinion upon the facts or to favor either party; but, on the contrary, we think the charge was impartial, and that the defendant had a fair trial of the merits of the case.

Plaintiff's eighth request to charge, as given, was as follows:

"The plaintiff claims that the car was standing within 6 or 8 feet of the young man as he stood upon the crossing, with his back toward it, and that while in this position the engine and a second car came in behind and moved the first car unexpectedly up onto him, causing the injury. It is the claim of the operatives of defendant that the first car was standing 60 or 80 feet east of such sidewalk, and that before setting it in motion each of the switchmen looked, and saw no one upon the sidewalk; nor did either of them see the young man come onto the sidewalk, although a lookout was maintained. It is undisputed that the young man was found under the second car 40 feet west of the sidewalk, and it is apparent that he must have come there in some way. It is for you to say which of these two conflicting theories is the more probable."

The only portion of the request which can be complained of as argumentative is that contained in the last two sentences. The statements of fact were undisputed, as

stated by the court, and were such as must necessarily have occurred to every juror, and the court in no way intimated any opinion as to which theory he preferred. The objection is so devoid of merit as to be almost frivolous.

5. Plaintiff's twelfth request to charge, as given, was as follows:

" If you find for plaintiff, you will render a verdict for all damages sustained in consequence of the injury to and death of the young man. These will comprise a reasonable amount for any pain and suffering he endured from the time of the injury to his death, and, in addition, a reasonable amount for all sums that he would probably have earned during the years that he would probably have lived, but for the injury. Your verdict will be the sum of these two. You are not concerned with the amount of earnings that the young man would probably have saved during his probable life, but only with the probable earnings themselves. The table of expectancy put in evidence shows that, if of good health, he might have lived 40 years longer than he did. Estimate the present worth of his probable earnings during the time that he would probably have lived at 5 per cent. simple interest for each year, and the sum of these for the several years that he would probably have lived will be the amount of your verdict for loss of earnings."

Defendant's counsel contend:

" This was clearly erroneous. The entire probable earnings are not basis for damages. *Jones* v. *McMillan*, 129 Mich. 86, 90, 91. Furthermore, it was improper for the court to leave the question in such condition that the mortality table was conclusive as to the expectancy of deceased. It is not conclusive. *Damm* v. *Damm*, 109 Mich. 619, 622."

The measure of damages given was correct. *Olivier* v. *Railway Co.*, 138 Mich. 242; *Miller* v. *Sadowsky*, 138 Mich. 502. *Jones* v. *McMillan* relates to the death act, and does not apply. The instruction did not make the mortality tables conclusive. In form it was correct, and, if defendant's counsel desired further instructions as

to the bearing which the health of deceased might have upon his expectancy of life, they should have so informed the court. Furthermore, the father of deceased testified that:

"His health prior to his injury was first class.' He never was sick."

There was nothing in the case to impair the effect of this testimony, and, as we have heretofore held, in such cases the tables would be controlling. *Jones* v. *McMillan*, supra.

We find no other points requiring consideration, and the judgment is affirmed.

MCALVAY, C. J., and CARPENTER, GRANT, and MOORE, JJ., concurred.