I am unable to concur with Mr. Justice BUSHNELL that the executor's commissions should be computed in accordance with the statute in force at the time of approval of the executor's account. His decision is based upon the theory that the executor has no contract *Page 368 
with the estate and no vested right to commissions at any fixed rate until determined by the court's approval of his account.
While the answer to this question is one of first impression in this State, I cannot agree that the rule to be followed is to make the time at which the court happens to review the account the date for determining what rate is to be effective.
The executor, in assuming his duties as such, knew the rate of commission provided by law; and he is presumed to have accepted the trust upon that basis. An implied contract was thereby created, with fees fixed, which could not be changed except by consent of both parties. The executor's commissions must, then, be determined by the statute in force at the time of the death of the testator and the appointment of the executor. To follow any other course would make the amendment retrospective, a construction which, under Davis v. RailroadCo., 147 Mich. 479, is to be avoided unless clearly required.
The cause should be remanded to the circuit court to fix an order in conformity with this opinion.
NELSON SHARPE, C.J., concurred with EDWARD M. SHARPE, J. *Page 369