# The People on the relation of The County of Barry v. The Supervisors of Manistee County.

*Claims against a county: Supervisors: Claim of one county against another.* The constitutional provision (*Art. X*, § *10*) conferring upon the board of supervisors "the exclusive power to prescribe and fix the compensation rendered for, and to adjust all claims against" a county, covers the claim of another county for the expenses of a criminal trial on a change of venue; and any action by the board of the claimant county, in auditing claims for such expenses, would be inoperative to bind the respondent county.

*Supervisors: Claims against county: Rescinding previous action.* Where the supervisors of a county against which such a claim has been presented have taken action upon it under the erroneous supposition that a previous allowance by the board of the claimant county was binding, and afterwards rescinded such action and investigated the items and passed anew upon the claim, their later action will not be reversed by *mandamus*, in the absence of a clear showing that the claim as at first allowed by them was just and right.

*Submitted on briefs January 21.   Decided April 11.*

Application for *mandamus*.

This is an application to require respondents to cause an order to be drawn on the treasurer of their county in favor of the relator for the sum of three thousand two hundred and seventy-five dollars and five cents, on account of an allowance made by them of the claim of Barry county for the expenses of the trial of George Vanderpool for the mur-

33 MICH.—63.

BARRY COUNTY v. SUPERVISORS OF MANISTEE COUNTY.

der of Herbert Field in Manistee county, which trial was held in Barry county under an order for a change of venue. The bill presented to the supervisors of Manistee county for their action was as follows:

| | |
|---|---|
| For summoning 124 jurors | $186 00 |
| For mileage and daily attendance of jurors and talesmen. | 1,988 20 |
| For balance of board bill of jury | 94 50 |
| For procuring witnesses for respondent by order of court | 400 00 |
| For subpoenaing witnesses for people | 132 33 |
| For attendance of officers on court and jury | 438 50 |
| For ice used during trial | 5 25 |
| For stationery and blanks used in said trial | 5 00 |
| For boarding Geo. Vanderpool while in Barry Co. jail. | 79 50 |
| For medical services for Geo. Vanderpool while in jail. | 15 00 |
| For boarding wife of Geo. Vanderpool in jail while he was sick | 13 50 |
| Total | $3,357 78 |

Several of these items had been presented to and allowed by the supervisors of Barry county before their payment by that county.

A conference was had between representatives of the two counties and it was arranged to have the claim allowed at the sum of three thousand two hundred and seventy-five dollars and five cents; and the supervisors of Manistee county at the October session, 1872, accepted and adopted a report of their committee that the claim be allowed at that sum and an order be drawn for the same; and at a special meeting in May, 1873, authority to draw such an order, with interest from January 1, 1872, was given to their chairman and clerk. This order, however, not being drawn, in October, 1874, the supervisors of Manistee county rescinded the allowance of the claim, and afterwards wholly repudiated and rejected the claim. Demand for such order having been thereafter made and refused, this application is made for *mandamus* to compel it.

*Charles H. Bauer* and *Hughes, O'Brien & Smiley*, for relator.

*A. J. Dovel* and *C. A. Kent*, for respondents.

COOLEY, CH. J:

Under the constitution, *Art. 10,* § *10,* the boards of supervisors of the respective counties have "the exclusive power to prescribe and fix the compensation rendered for, and to adjust all claims against" their respective counties, with an exception in the case of the county of Wayne. This provision clearly covers the claims in question, and it must follow that the board of supervisors of Barry were acting without authority when they assumed jurisdiction to pass upon them. It is probably true, as was suggested in argument, that this conclusion must cause some inconvenience in cases like the present, but if so, the courts are powerless to give any remedy.

The allowance of claims by the board of supervisors of Barry county being thus found inoperative, the question presents itself how far the supervisors of Manistee are concluded by the action taken by their predecessors. Had that action been suffered to remain unrescinded, the question might perhaps be different from what it is now. It is very clear that a large portion of the claim presented by Barry county was such as could not be presented in its name at all, unless as assignee of the original claimants; and in any case, by whomsoever presented, would require to be put in such form as to enable the auditing board to pass upon the items. It is a fair inference from all the action taken, that the supervisors of Manistee at first supposed there was some force to the allowance already made in Barry county; and if they took action on that erroneous supposition, we do not see how they are to be estopped from rescinding it and insisting upon their undoubted right to investigate the items. At any rate, as they have done this, the court cannot with any propriety issue a *mandamus* which in effect reverses their action, unless it has very clear evidence that the claim as once allowed by them is just and right. We have no such evidence, unless the allowance by the supervisors of Barry county can be considered evidence in their own favor,

and we do not think it can. The *mandamus* must therefore be denied.

We have assumed in what has been said that the statute which charges the county in which the case originated with the expenses applies to this case; no question having been made by counsel on that point.

The other Justices concurred.