THE DANVILLE STOVE & MANUFACTURING COMPANY v.
ALLEN C. ADSIT, CIRCUIT JUDGE OF
KENT COUNTY.

*Justices' courts—Appeal—Notice of application—Acceptance of
service—Retroactive statute.*

1. Act No. 73, Laws of 1891, amending How. Stat. § 7005, by
   authorizing service upon the agent or attorney who appears
   for a party who obtains a judgment in justice's court, from
   which a special appeal is sought to be taken, of notice of all
   subsequent proceedings in the cause, is not retroactive.
2. Prior to the amendment of How. Stat. § 7005, by Act No. 73,
   Laws of 1891, service of notice of application for leave to
   appeal from justice's court, made upon the opposite party
   without this State, conferred no jurisdiction upon the circuit
   judge to allow the appeal, nor was the requirement waived by
   an acceptance of service outside of the State.

*Mandamus.* Submitted November 10, 1891. Granted
November 11, 1891.

Relator applied for *mandamus* to compel respondent to
set aside an order granting a special appeal. The facts
are sufficiently stated in the opinion.

*Taggart & Denison,* for relator.

*James E. McBride,* for respondent.

PER CURIAM. In this matter a judgment was rendered
in justice's court, October 29, 1890, in favor of relator
and against one Annie Tazelaar. May 11, 1891, under
the statute as it then existed, the circuit judge, respond-
ent here, granted the defendant an appeal. Upon appli-
cation to this Court, a *mandamus* was issued to set aside
the order granting such appeal, upon the ground that no
proper service of notice of the application for appeal had

ever been served on relator.[1]   The service was made upon the company outside of the State of Michigan.

Act No. 73, Laws of 1891, went into effect October 2, 1891.   October 6, 1891, an order to show cause was made by respondent, upon application, why the appeal of said Annie Tazelaar should not be granted.   This order was served upon the attorney of relator in justice's court. October 13, 1891, the appeal was granted.

The statute relating to appeals, as amended by Act No. 73, Laws of 1891, provides that, where the party obtaining judgment appears by attorney or agent, it will be sufficient to serve notice of subsequent proceedings in the cause upon such attorney or agent.   We think this statute is not retroactive, and the writ must be granted commanding respondent to set aside his order granting the appeal.

---

[1] The service was made at the home office of the plaintiff, in Pennsylvania, upon its president, who accepted the same in writing.