PIERCE *v.* BOARD OF SUPERVISORS OF GLADWIN COUNTY.

BOARDS OF HEALTH—CONTAGIOUS DISEASES—CONTRACTS—LIABILITY OF COUNTY.

> Where the members of a board of health, without holding a meeting, employed a physician to treat persons sick with contagious diseases, and afterwards, at a regular meeting, itemized bills for the services were presented and duly allowed, the board of supervisors could not refuse to pay the bills on the ground that the physician was not employed at a meeting of the board of health. *Township of Cedar Creek* v. *Board of Sup'rs of Wexford Co.*, 135 Mich. 124, followed.

*Certiorari* to Gladwin; Sharpe, J. Submitted February 23, 1904. (Calendar No. 20,377.) Decided April 26, 1904.

*Mandamus* by Frank S. Pierce to compel the board of supervisors of Gladwin county to allow certain claims for medical services rendered in cases of contagious diseases. From an order granting the writ in part only, relator brings *certiorari*. Reversed.

*F. E. Emerick*, for relator.

*F. L. Prindle*, for respondent.

MOORE, C. J. This is *certiorari* to review the action of the circuit judge in refusing the writ of *mandamus* to compel the board of supervisors of Gladwin county to allow the claims as charged of the relator, a physician, for

services rendered by him in cases of infectious disease. The circuit judge was of the opinion that some of the claims should be allowed, and so ordered, but was also of the opinion, as the original hiring of the relator was not by the board of health, acting as a board and at a regular meeting thereof, that, under *Young* v. *County of Blackhawk*, 66 Iowa, 460 (23 N. W. 923), the claims should not be allowed.

As to the rejected claims, the record shows that, after the disease appeared, the relator reported the facts to the members of the health board, and they conferred with each other, and, without calling a regular meeting of the board, they employed the relator. As expressed by Mr. Taylor, the township clerk:

" We, as members of the board, authorized him to go ahead and look after it. We met the doctor at the store, and had this talk. In each specific case we told him the same thing. There was no formal action of the board. He reported to me and the supervisor."

The record shows that the relator was either employed at a formal meeting of the board, or was employed by the members of the board informally, as described by Mr. Taylor; and the members of the board had knowledge that the services were being rendered. After they were rendered, itemized bills for the services were presented at regular and formal meetings of the board, and were duly allowed. The questions involved are passed upon in the very recent case of *Township of Cedar Creek* v. *Board of Sup'rs of Wexford Co.*, 135 Mich. 124 (97 N. W. 409). In the opinion in that case the discussion is so full, and the citation of the cases so complete, we do not deem it necessary to do more than call attention to the case.

This case will be remanded, with directions that the writ issue as prayed.

CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.