THOMAS v. BOARD OF SUPERVISORS OF INGHAM COUNTY.

142   319
158   346

Health—Board of Health—Employment of Physicians—Lia-
bility of County.

The amendment of 1903 (Act No. 7) of section 4424, 2 Comp.
Laws, conferring upon boards of supervisors power to audit
claims for services in case of contagious diseases does not au-
thorize the board of supervisors to substitute its judgment in
place of that of the board of health as to whether a person had
a dangerous communicable disease.

Certiorari to Ingham; Wiest, J.   Submitted December
5, 1905.   (Calendar No. 21,398.)   Decided December 15,
1905.

Mandamus by Frank A. Thomas to compel the board of
supervisors of Ingham county to audit and allow a claim
for medical services in a case of contagious disease.
There was an order granting the writ, and respondent
brings certiorari.   Affirmed.

*Lawton T. Hemans*, for relator.

*L. B. McArthur*, Prosecuting Attorney (*Rollin H.
Person*, of counsel), for respondent.

Moore, C. J.   The following statement of fact is taken
from the brief of counsel for the respondent:

" In September, 1904, the city council of the city of
Mason, in Ingham county, acting as a board of health,
employed Dr. Thomas, the appellee, to attend a typhoid
fever patient residing in that city.   The doctor rendered
the services required; his first visit being on September
8, 1904, and his last on October 10th of the same year.
His entire bill came to $36, and was reasonable in amount.

" Thereupon the local board of health approved and
certified to a properly itemized statement of the doctor's
services, and he presented the same to the board of super-
visors of said county for allowance and payment, under

the provisions of section 4424 of the Compiled Laws of 1897, as amended by Act No. 7 of the Public Acts of 1903. The bill was presented in two parts, one at the October session of said board in 1904, and the other at the January session in 1905, but the whole matter was finally treated as one bill, and was entirely disallowed by the supervisors at their January session, after fully hearing the claimant and such testimony as he cared to produce in its support.

"The board of supervisors rejected the claim on the ground that typhoid fever was not, in their opinion, a 'dangerous, communicable disease,' within the meaning of the statute, and for no other reason.

"Thereupon Dr. Thomas obtained a mandamus from the circuit court for the county of Ingham requiring the board of supervisors to allow the bill, and the board has brought the matter to this court by certiorari.

"The circuit judge based his action upon the theory, as we understand his opinion, that the amendment of 1903 gives the board of supervisors no power to determine whether a debatable disease does or does not come within the statute, and that the decision of the local board is yet final on that point.

"Hence, as we understand the record, the only questions on this appeal are:

"*First.* The power of the supervisors to make such determination; and,

"*Second.* If they have the power, was their discretion legally exercised upon the evidence given in support of the claim?"

In our view of the case it will be necessary to pass upon only the first of these questions. The board of health gets its power to act in these cases from section 4424, 2 Comp. Laws, as amended by Act No. 7, Pub. Acts 1903. The provisions contained in this section, previous to the amendment of 1903, have been frequently construed by this court. See *Safford* v. *Detroit Board of Health,* 110 Mich. 85 (33 L. R. A. 300); *Village of St. Johns* v. *Board of Sup'rs of Clinton Co.,* 111 Mich. 609; *Browne* v. *Board of Sup'rs of Livingston Co.,* 126 Mich. 276; *Zimmerman* v. *Board of Sup'rs of Cheboygan Co.,* 133 Mich. 494; *Township of Cedar Creek* v. *Board of Sup'rs of Wexford Co.,* 135 Mich. 124. These cases

held that, when the township board of health had acted, under the provisions of the section, its action was final, and the duty of the board of supervisors was to so treat it. In 1903 the section was amended. The portion of the amendment material here reads as follows:

"And the said board of supervisors shall as soon as may be proceed to audit the said bill, and if found that the expenses were necessarily incurred, the services actually and necessarily performed, and the amounts claimed for such expenses and services are severally just and reasonable under the circumstances, the said board of supervisors shall allow the same or such parts thereof as the majority of the members-elect of said board shall deem just and provide for their immediate payment by the said county, and in auditing such accounts, said several boards of supervisors shall have full power to examine into the merits of all claims presented to them in accordance with the provisions herein contained, and may subpoena witnesses and take any other measures necessary to arrive at the truth of the same."

It is urged that by reason of this amendment the board of supervisors may substitute its judgment in place of the judgment of the board of health as to whether in a given case a person had a dangerous communicable disease. We do not think such was the purpose or effect of the amendment. The matter of the public health has been the subject of legislation for a great many years. Boards of public health have been created, and large powers given to them when the emergency arises for their exercise. These powers were curtailed in some respects by the amendments which we have quoted, but it is just as much the duty of the board of health to act in case of an emergency now as it was before the amendment. When the board of health has acted in cases where it is its duty to act, and has filed the statement with the county clerk, as provided by the statute, it is the duty of the board of supervisors to proceed to audit the bill. The board of supervisors is not given the power to decide whether the disease with which the person was afflicted was a danger-

ous communicable one, but it is its duty to in good faith determine whether the expenses charged in the itemized statement were necessarily incurred, and whether the services for which charges were made were actually and necessarily performed, and whether the amounts claimed for such expenses and services are severally just and reasonable. If it is determined they are, they should be allowed. The practical effect of a construction of the statute in harmony with the action of the board of supervisors in this instance would leave the board of health shorn of its powers. We do not think that was the purpose or effect of the amendment.

The judgment is affirmed.

McALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.