BOARD OF SUPERVISORS OF ARENAC COUNTY
*v.*
BOARD OF SUPERVISORS OF IOSCO COUNTY.

COUNTIES—CLAIMS—OTHER COUNTIES—CARE OF SICK—REMEDIES
—MONEY PAID—AUDIT BY SUPERVISORS.

> A county caring for an indigent person, sick with smallpox, resident of another county, may recover the expense thereof from such other county under section 4424, 2 Comp. Laws, in an action for money paid; and being under the necessity of incurring the expense, is not a volunteer in paying the claims therefor, and is not compelled by section 10, article 10, of the Constitution, to present its claim to the board of supervisors of such other county for audit.

Error to Iosco; Connine, J. Submitted February 14, 1906. (Docket No. 153.) Decided April 30, 1906.

Assumpsit by the board of supervisors of Arenac county against the board of supervisors of Iosco county for money paid for the care of an indigent smallpox patient. There was judgment for defendant, and plaintiff brings error. Reversed.

*W. C. Cook*, for appellant.
*Jahraus & Rawden*, for appellee.

MONTGOMERY, J. The following extract from the opinion of the circuit judge states the nature of the case and the question presented:

" This is an action of assumpsit. Declaration on the common counts, alleging the promise to pay ' in compliance with section 4424 of the Complied Laws of 1897.' A notice is annexed to the declaration to the effect that plaintiff, under the money counts, would give in evidence 17 certain bills, audited and allowed and paid by plaintiff in a certain smallpox quarantine case of William M. Gregory; said Gregory or his parents or any other person not being able to pay the same, and he being then and there a charge of defendants. Following the notice are copies of the bills. The defendant pleaded the general

issue, and also pleaded in abatement that, before the bringing of this suit, the same bills constituting the claim sued upon had been presented to defendant board of supervisors by plaintiff, and by said board rejected. Hearing on the plea in abatement. No proofs were taken, but the plea in abatement was taken as true.

"Defendant contends that under section 10, art. 10, of the Constitution, the board of supervisors have exclusive jurisdiction of such claims, and that the action at law will not lie. Section 4424, 2 Comp. Laws, makes such expense a charge of the county to which he belongs, if the person cared for, his parents, or other person liable for his support are unable to pay.

"By amendment in 1903, the provision making the expense a charge against the county where the party belongs was repealed. Act No. 7, Pub. Acts 1903. The claim sued upon arose in 1901. The effect of the repeal upon the claim in controversy has not been argued or relied upon, and will not be considered.

"It must be held that the claims against counties must, as a rule, be presented to the board of supervisors for allowance; that their action upon them, when taken in good faith, is, as a rule, final; and that no action at law will lie on such claims. There are, however, exceptions to such rule, and plaintiff's counsel claims this is one of the exceptions. It is claimed that a citizen of defendant's county was found in plaintiff's county afflicted with smallpox; that the local board of health, having no discretion or choice left in the matter, were compelled by section 4424, 2 Comp. Laws, to care for the party at the expense of their own county; that the claim for this expense arose, not out of choice or out of voluntary or contract relation, but as a matter of law, and hence that it can be sued upon; that by reason of the circumstances and the statute plaintiff's money was forced from it by a species of duress; that the claim is a common-law one for which a common-law action will lie.

"Notwithstanding this constitutional provision, it has been held that suits will lie against counties, as 'for money illegally collected by the county officers and paid under protest by plaintiff.' *Endriss* v. *County of Chippewa*, 43 Mich. 317. And a county may be sued upon the common counts in assumpsit. *Cicotte* v. *County of Wayne*, 44 Mich. 173; *Weston* v. *County of Luce*, 102 Mich. 528."

The circuit judge was of the opinion that the remedy of the plaintiff in this case was confined to a proceeding to have the plaintiff's demand audited by the defendant board of supervisors, and reliance was placed upon the case of *People* v. *Supervisors of Manistee County*, 33 Mich. 497, in which it was held that when a county to which a criminal case had been removed, under section 309, 1 Comp. Laws, had paid the expenses of the trial, the remedy to recover from the county in which the case originated was limited to an auditing of the claim by the board of supervisors; the statute providing that "all expenses of such trial shall be a charge upon the county in which the prosecution originated." It is said the statute is similar in its provisions to section 4424, which provides that the expenses for caring for a smallpox patient in a case like the present shall be at the charge of the county to which he belongs. There is, however, this distinction: In *People* v. *Supervisors of Manistee County* it was said:

"It is very clear that a large portion of the claim presented by Barry county was such as could not be presented in its name at all unless as assignee of the original claimants."

That is to say, the county of Barry was not compelled to pay the claims of the individual claimants. In the present case the plaintiff had no option in the matter, as the county was in the first instance liable to those who rendered services. *Rae* v. *Mayor, etc., of Flint*, 51 Mich. 528; *Elliott* v. *Supervisors of Kalkaska County*, 58 Mich. 453. The payment of these claims by the plaintiff was not therefore voluntary. It was not such a claim as the Constitution contemplates shall be committed to the board of defendant county for audit. *Endriss* v. *County of Chippewa*, 43 Mich. 320; *Auditor General* v. *Board of Sup'rs of Bay County*, 106 Mich. 680.

The judgment is reversed, with costs, and the case remanded.

MCALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.