147   473
j155   711

147   473
158   348

PHILIP v. HERATY.

CONSTITUTIONAL   LAW — RETROACTIVE   LEGISLATION — CREATING
CAUSE OF ACTION—VALIDITY.

> Act No. 280, Pub. Acts 1905, extending the right of action for
> wrongful death to the person in good faith sustaining the
> marriage relation to the person killed, notwithstanding a legal
> impediment to a valid marriage, attempts, in so far as it
> affects cases in which the death occurred before its enact-
> ment, to create a cause of action out of a past transaction,
> and is, as applied to such cases, invalid.

Error to Bay; Collins, J. Submitted November 15,
1906. (Docket No. 94.) Decided March 12, 1907.

Case by Nellie M. Philip, administratrix of the estate
of George Philip, deceased, against Michael P. Heraty
and John C. Weadock, receivers of the Bay Cities Consol-
idated Railway Company, for the negligent killing of
plaintiff's intestate. There was judgment for plaintiff,
and defendants bring error. Reversed.

*T. A. E. & J. C. Weadock* (*L. J. Weadock*, of coun-
sel), for appellants.

*F. L. Edinborough* (*De Vere Hall*, of counsel), for
appellee.

MONTGOMERY, J. This action was brought to recover
damages for the negligent act of defendants causing the
death of George Philip, plaintiff's intestate. The plain-
tiff claimed to be the lawful widow of George Philip
and was appointed administratrix. The case was once
considered by us. See 135 Mich. 446. It was there
held that it was open to defendants to prove, on the
trial of this action, that plaintiff was not in fact the law-
ful wife of George Philip at the date of his death.
That the statute (3 Comp. Laws, § 10428) limits the re-

covery of damages to the pecuniary injury suffered by persons entitled to distributive shares in the estate of the deceased; and that, if plaintiff was not in fact the widow of George Philip, she was not entitled to recover damages. After the decision by this court, and in June, 1905, Act No. 280, Pub. Acts 1905, was enacted. Section 1 reads as follows:

"In any action tried for damages heretofore or hereafter sustained by either party to a marriage relation or the issue thereof, arising from the negligent act or omission of another, causing death or injury, it shall be no bar to such action that legal impediment existed to the lawful marriage of either such party at the time the marriage relation was assumed, but a right of action shall exist in favor of such issue and the party to such relation entering the same in good faith and such issue and party shall be entitled to the same damages as though such impediment had not existed."

The case has been retried, and plaintiff has again recovered judgment. Defendants bring error.

Obviously the question of first importance in the case relates to the validity of the act in question, as it affects the present case; for, if the defendants' contention prevails, the objection goes to the whole case. There can be no doubt that the statute of 1905 is broad enough in its terms to cover the present case. Defendants' counsel contend, however, that this statute is unconstitutional, for the reason that it constitutes an attempt to create a cause of action where none before existed.

Plaintiff's counsel contend, on the other hand, that the statute in question relates to the remedy, and that it is entirely competent for the legislature to alter, enlarge, modify, or confer a remedy for existing legal rights, and also that the legislature may establish new rules of evidence to be applied in the trial of existing causes of action. We think both contentions well supported. *Judd* v. *Judd*, 125 Mich. 228; *Coosa River Steamboat Co.* v. *Barclay*, 30 Ala. 120. So, too, the legislature may enact a statute which shall, acting retrospectively, cure informalities in

the execution of a contract, and shall effectuate the intent and purpose of the two contracting parties. *Coosa River Steamboat Co.* v. *Barclay*, supra; *Wistar* v. *Foster*, 46 Minn. 484; *Mechanics', etc., Sav. Bank* v. *Allen*, 28 Conn. 97. It is also held by the Supreme Court of the United States that a statute reviving a cause of action barred by an existing statute of limitations is valid. *Campbell* v. *Holt*, 115 U. S. 620. The decision in this case was by a divided court and is not accepted in all jurisdictions. See *Danforth* v. *Groton Water Co.*, 178 Mass. 476; 6 Am. & Eng. Enc. Law (2d Ed.), p. 946. It is also held that, where the property of another has been enhanced by an adverse claimant in possession, a statute having retroactive effect may provide compensation for betterments. *Lay* v. *Sheppard*, 112 Ga. 111.

It is doubtless true that some courts have gone to still greater length, and have, as stated by Chief Justice Holmes, in *Danforth* v. *Groton Water Co.*, supra:

"Recognized the power of the legislature to call a liability into being where there was none before, if the circumstances were such as to appeal with some strength to the prevailing views of justice, and if the obstacle in the way of the creation seemed small."

The same learned justice further says:

"In some such cases there has been at an earlier time an enforceable obligation, in others there never has been one; but in both classes the courts have laid hold of a distinction between the remedy and the substantive right, or have said that a party has no vested right in a defense based upon an informality not affecting his substantial equities, or that there is no such thing as a vested right to do wrong."

The courts have not avowed a purpose to hold that the legislature may create a cause of action where none before existed. This power has been denied. 8 Cyc. p. 910; *Coosa River Steamboat Co.* v. *Barclay*, supra; *City of Grand Rapids* v. *Railway Co.*, 130 Mich. 238.

Dealing with the question in the abstract, it is difficult to find plausible reasons for sustaining the power of the

legislature to create a new cause of action out of a past transaction. It is clear that an attempt to enforce a penalty for an act previously committed would be within the mischief provided against by the constitutional provision inhibiting ex post facto laws. Cooley on Constitutional Limitations (7th Ed.), p. 375. Did the statute of 1905 create a new cause of action? By our former decision it was determined that, if George Philip had a lawful wife living when he was married to the plaintiff, no right of action existed in favor of the latter. The act in question in effect says that from and after its passage a cause of action shall exist if the jury find plaintiff was acting in good faith. When it is considered that the right of action depended upon two concurring facts, death of the intestate by defendants' wrongful act, and damages to a lawful spouse of decedent, one of which facts was obviously wanting when the act was committed, it is manifest that a statute dispensing with the necessity of proof of that fact is an attempt to create a cause of action when none existed before. We think this statute cannot be sustained in so far as it applies to this case.

Judgment reversed.

Carpenter, Ostrander, Hooker, and Moore, JJ., concurred.