BOARD OF SUPERVISORS OF ARENAC COUNTY *v.* BOARD
OF SUPERVISORS OF IOSCO COUNTY.

1. HEALTH — QUARANTINE — EXPENSES — LIABILITY OF COUNTY —
ALLOWANCE BY LOCAL BOARD OF HEALTH.

The allowance of an account for care and supplies furnished
to a person infected with smallpox and quarantined by the
local board of health of a county in which he did not reside,
is conclusive on the board of supervisors of the county in
which the relief was afforded, and of the county in which he
lived, upon the question of the character of the disease, the
necessity and fitness of the articles and services furnished,
and the inability of the patient to pay, under 2 Comp. Laws,
§ 4424, which provides that the expenses shall be paid by the
patient or his relatives if able, otherwise by the county.[1]

2. SAME—ACTION BY BOARD OF SUPERVISORS.

No legal liability was created by the allowance of the claim by
the board of supervisors of the county which incurred the
expense.

3. SAME—REMEDY AGAINST PRIVATE PERSONS.

Any right which the plaintiff may have obtained to reimburse-
ment under 2 Comp. Laws, § 4424, became a vested right
and was not affected by Act No. 7, Pub. Acts 1903, nor was
the county required to pursue its remedy against private
persons given by statute.

4. STATUTES—CONSTRUCTION—RETROACTIVE EFFECT—LEGISLATIVE
INTENT—CONSTITUTIONAL LAW.

Statutes will not be given a retroactive effect unless the legis-
lative intent clearly appears and vested rights are unim-
paired.

Error to Iosco; Connine, J. Submitted June 9, 1909.
(Docket No. 21.)  Decided October 4, 1909.

Assumpsit by the board of supervisors of Arenac county
against the board of supervisors of Iosco county for ex-
pense incurred in the treatment of contagious diseases.

---

[1] As to liability for expenses and damages caused by quarantine
regulations, see note to *Hurst* v. *Warner* (Mich.), 26 L. R. A. 490.

A judgment for defendant is reviewed by plaintiff on writ of error.   Reversed.

*W. C. Cook,* for appellant.

*Jahraus & Rawden,* for appellee.

HOOKER, J.   Gregory was a resident of Iosco county. He was taken ill with smallpox in Arenac county, at the village of Standish.   He was placed in quarantine in temporary quarters provided for him, and a nurse and other supplies were furnished by order of the local board of health, amounting to $307.34.   Among the items were stove $3, and tent $12, and these and some things listed as supplies, amounting in all to $56.79, are said to have been afterwards used for other patients who were not residents of Iosco county.   The local board of health allowed all of the items, and the claims were audited by the board of supervisors, and paid by the treasurer of Arenac county.   The bill so paid was presented to the board of supervisors of Iosco county on behalf of Arenac county, and was considered by said board at its regular session in January, 1904, and disallowed, whereupon this action was brought to enforce the claim.   This expenditure was made in 1901, while 2 Comp. Laws, § 4424, was in force, though Act No. 7, Pub. Acts 1903, became operative before this action was commenced.   The plaintiff has appealed.

Counsel seem to agree that the questions involved here are:

(1) Was Iosco county conclusively bound by the action of the local board of health in auditing and allowing the bills?

(2) Was it so bound by the action of the Arenac board of supervisors?

(3) Was Arenac county bound to exhaust its remedies against other parties made liable to pay by the statute before suing defendant?

(4) Was Arenac county barred from recovery under section 4424 by reason of the taking effect of Act No. 7, Pub. Acts 1903, before this action was begun?

The defendant also asks that we decide:

(*a*) Whether appellant has a valid claim for articles afterwards used for Arenac county's own residents.

(*b*) Can recovery be had for services of nurse employed against the protests of the patient who offers to furnish his own nurse and physician ?

1. Allowance by Local Board of Health. Under 2 Comp. Laws, § 4424, the allowance of an account by the local board of health was conclusive upon the board of supervisors of the county in which the relief was afforded, as to the character of the disease, the necessity and fitness of the articles and services furnished, the fact that they were furnished, and the inability of the patient to pay, and such board of supervisors had no alternative but to allow and pay the claim. *Elliott* v. *Board of Sup'rs of Kalkaska Co.*, 58 Mich. 452 (25 N. W. 461, 55 Am. Rep. 706); *Township of Cedar Creek* v. *Board of Sup'rs of Wexford Co.*, 135 Mich. 124 (97 N. W. 409); *Pierce* v. *Board of Sup'rs of Gladwin Co.*, 136 Mich. 423 (99 N. W. 1132); *Sturge* v. *Board of Sup'rs of Gladwin Co.*, 136 Mich. 425 (99 N. W. 1132); *Thomas* v. *Board of Sup'rs of Ingham Co.*, 142 Mich. 319, 320 (105 N. W. 771).

We are of the opinion that this action of the local board of health is equally conclusive of these things upon Iosco county under the statute cited, and, while Arenac county was called upon to pay the certified claim in the first instance, it was only necessary upon the trial to make proof of such allowance and payment. There is a close analogy between such a case as this and the expenses of State troops in suppressing a riot. See *Auditor General* v. *Board of Sup'rs of Bay Co.*, 106 Mich. 679, 680 (64 N. W. 570), for a discussion of the principle involved. See, also, *Board of Sup'rs of Arenac Co.* v. *Board of Sup'rs of Iosco Co.*, 144 Mich. 54 (107 N. W. 725).

2. Allowance by Arenac Board of Supervisors. A lengthy discussion of this question is unnecessary. The action of the Arenac supervisors added nothing in the way

of creating a legal liability on the part of Iosco county. At most, such action was a prerequisite to enforcement.

3. Remedy against Private Persons.   This question was settled by the case of *Township of Cedar Creek* v. *Board of Sup'rs of Wexford Co., supra*, which followed the enunciation of the same rule by Mr. Justice Moore in *McKillop* v. *Board of Sup'rs of Cheboygan Co.*, 116 Mich. 614 (74 N. W. 1050).   It is true that in those cases the question was raised by the board of the county in which the relief was furnished, but we think it equally applicable in this case.   Arenac was not bound to exhaust the remedy given against private persons.   Under the law, it merely performed its duty of paying this bill for the use and benefit of Iosco, if, in fact, the obligation rested on Iosco by reason of the residence of the patient, which is not disputed.

4. Act No. 7, Pub. Acts 1903.   These rights vested under 2 Comp. Laws, § 4424, and were not lost by the amendment of 1903, which should be held to be limited to cases arising thereafter:

(1) Under the rule that statutes will not be considered retroactive unless the intent that they should have retroactive effect clearly appears.   *Price* v. *Hopkin*, 13 Mich. 318; *Smith* v. *Humphrey*, 20 Mich. 398; *Fuller* v. *City of Grand Rapids*, 40 Mich. 395; *Maxwell* v. *Bridge Co.*, 46 Mich. 278 (9 N. W. 410); *Phillips* v. *Township of New Buffalo*, 68 Mich. 217 (35 N. W. 918); *In re Lambrecht*, 137 Mich. 450 (100 N. W. 606); *Davis* v. *Railroad Co.*, 147 Mich. 479 (111 N. W. 76).

(2) It cannot be construed as retroactive to the detriment of vested rights.   *Crane* v. *Reeder*, 21 Mich. 24 (4 Am. Rep. 430); *Van Fleet* v. *Van Fleet*, 49 Mich. 610 (14 N. W. 566); *Todd* v. *Boards of Election Com'rs*, 104 Mich. 474 (62 N. W. 564, 64 N. W. 496, 29 L. R. A. 330); Cooley on Constitutional Limitations (7th Ed.), p. 528; *Ludwig* v. *Stewart*, 32 Mich. 27; *Harrison* v. *Metz*, 17 Mich. 377; *McKisson* v. *Davenport*, 83 Mich. 211 (47 N. W. 100, 10 L. R. A. 507); *Atherton* v. *Vil-*

*lage of Bancroft,* 114 Mich. 241 (72 N. W. 208); *Angell* v. *West Bay City,* 117 Mich. 688 (76 N. W. 128); *Broffee* v. *City of Grand Rapids,* 127 Mich. 92 (86 N. W. 401); *Heineman* v. *Schloss,* 83 Mich. 153 (47 N. W. 107); *Stitt* v. *Casterline,* 89 Mich. 239 (50 N. W. 847); *Finn* v. *Haynes,* 37 Mich. 63; *Danville Stove & Manfg. Co.* v. *Kent Circuit Judge,* 88 Mich. 244 (50 N. W. 140); *Philip* v. *Heraty,* 147 Mich. 473 (111 N. W. 93, 118 Am. St. Rep. 554); *Little* v. *Bousfield & Co.,* 154 Mich. 369 (117 N. W. 903); Endlich on Interpretation of Statutes, § 271; Potter's Dwarris on Statutes, p. 163; *Boughner* v. *Bay City,* 156 Mich. 193 (120 N. W. 597).

The judgment is reversed, and a new trial ordered.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.